UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marc McNeal,<br><br>    Plaintiff,<br><br>v.<br><br>Nobel Recovery Services, LLC,<br><br>And<br><br>Luis Reyes,<br><br>And<br><br>John Doe, aka Barry Stockton,<br><br>    Defendants. | Case No. 1:09-cv-4599<br><br><br>**AMENDED COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a natural person who resided in Chicago, IL at all times relevant to this action.

3. Defendant Nobel Recovery Services, LLC ("Nobel") is a California limited liability company with its principal place of business at 2648 W. Ball Road, Anaheim, CA 92804.

4. Nobel is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. Defendant Luis Reyes ("Reyes") is a member of Nobel who resided at 2648 W. Ball Road, Anaheim, CA 92804 at all times relevant to this action.

6. Defendant John Doe ("Stockton") is or was an employee of Nobel at all times relevant to this action.

7. Stockton is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

8. As described below, Defendants sought to collect from Plaintiff an alleged debt, which is a "debt" as defined by 15 U.S.C. §1692a(5).

9. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

10. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

11. On or around June 15, 2009, Stockton telephoned Plaintiff.

12. During this communication, Stockton falsely represented that Nobel was preparing to file criminal fraud charges against Plaintiff.

13. During this communication, Stockton falsely represented that Plaintiff would be served with legal papers at Plaintiff's place of employment.

14. During this communication, Stockton threatened that Nobel knew where Plaintiff lived.

15. Stockton's actions damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

16. Nobel failed to file a responsive pleading to Plaintiff's original complaint, which asserted claims against Nobel only.

17. Evidence obtained through discovery will likely show that Nobel is an alter ego of Reyes.

18. Evidence obtained through discovery will likely show that Nobel is undercapitalized.

19. Evidence obtained through discovery will likely show that an inequitable result will follow if Reyes is not held liable for the actions of Nobel.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendants violated 15 U.S.C. §1692d by threatening to use criminal means to harm Plaintiff's person and/or property.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendants violated 15 U.S.C. §1692e in that they falsely represented the character, amount, and/or legal status of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendants violated 15 U.S.C. §1692e in that they threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendants violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendants violated 15 U.S.C. §1692f in that their actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

30. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

31. Plaintiff prays for the following relief:

    a. Judgment against Defendants for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 28, 2009, I served Defendant Nobel Recovery Services, LLC with a copy of the foregoing by depositing a copy of the same in the United States Mail, addressed as follows:

Nobel Recovery Services, LLC
c/o Legalzoom, Registered Agent
7083 Hollywood Blvd.
Los Angeles, CA 90028

    All other parties will be served with a summons pursuant to Rule 4 of the Federal Rules of Civil Procedure.

s/ Timothy J. Sostrin